You may proceed. Thank you, Your Honor. David Onger on behalf of the appellant and I'd like to reserve five minutes for rebuttal. This is a case involving the contract of carriage for JetBlue. Passengers pay 25 or 35 bucks to check a bag with JetBlue and JetBlue in its contract of carriage indicates in section 11 the carrier will check the baggage of a fair paying passenger for the flight on which the passenger is traveling. That creates an obligation. Courts have long held language such as will... But the following sentence makes clear that that that they that they will check it for this flight they will not check it for that flight. It doesn't really seem to say much about where they're gonna put the bag but it is so much as to tell you where they're not going to let you put your bag. Well the second sentence is for passengers can't use JetBlue as a UPS or a carrier. You can't send stuff other places which is completely legitimate. They don't have to use this language. This is language that they chose to use. This is an adhesion contract drafted by them and this particular language is not required by the FFA and they chose of their own free will to put this language in. I just figured that maybe that language was put in there because of security because of somebody check his bag on the flight. He's not going on he wants to blow up the first plane. It's not put in there for that reason. There is no regulations that require that that language to be in there for security and they've never argued that that language was put in there for security. And the language has to have some meaning. The contract... Why doesn't the language mean you check the bag for that flight but that doesn't mean that it has to actually fly on that flight. The presumption is it will but there can be extenuating circumstances where it won't. And your plaintiffs, and I apologize I'm going to botch the name too, Igor, I'll call him by his first name easier. Didn't he request a different to fly out on a different flight after the bag had been checked? They had put him on a different flight after the baggage had been checked because the original flight had been canceled. So then what do you do? So you're just saying any time that a flight is canceled and then a bag ends up going on a different flight you should get your $25. Well if your bag is not on your flight so it's not there when you get there, yes, that's what you pay the $25 for. That's the consideration. It's not necessarily. They're handling the bag for you and if you have an oversized bag, one that can't go in the overhead bin, then they're just telling you if you want to come and ride with us this is what we're charging these  for free. Right and they could also say we're going to take this language out which says we will put the bag on your plane and they don't have to use that language. I don't see section 11 saying that we're going to put the bag on your plane. Carrier will check the baggage of the fare-paying passenger for the flight on which the passenger is traveling. But all it says is they will check the bag for that flight. It doesn't say we will check the bag and then we will ensure that it actually goes on the flight with you and it doesn't, I mean it's a different, it's definitely a linguistic difference. Well but wouldn't that destroy the contract? No, it says we'll check it for you. It gives a presumption that it will go which probably happens in 80-90% of the cases. So we'll check the bag on your flight but it doesn't say if you get diverted we're gonna go pull your bag off a flight and put it on. I think they try to do that but it doesn't guarantee that they will then recheck your bag on a new flight. Well there's nowhere in the contracted carriage where they take that into consideration. So they don't make any representation that that's going to be done. What the representation they make is it'll be on the same flight that you're on. No, they don't make that representation. They say they will check it on that flight. Right, check it on the flight for which the passenger is flying. It doesn't say carry it on the flight. What does check a bag mean? It means put it on the flight. No it doesn't. Where do you see any of it? I'd be interested to know that checking a bag is the same thing as putting it on a flight. Checking a bag to me is you come up to the counter, they check the bag, they put it on the same flight. But that check doesn't mean, it certainly doesn't mean we will ensure that it shows up on the baggage carrier when you get off. Well it's their contract and if you look at the definitions they don't define what is a bag. Do you guarantee the bag if you check in less than 45 minutes before the flight leaves? That's a policy on many, on many. There are restrictions in the contract of carriage of when you have to present the bag. Where are the restrictions? Oh, I'd have to go through. I see the one in 11, following 11C that says that passengers may check baggage up to four hours. Yeah, I believe. But I don't see the 45 minute rule. I don't either. But to me, all that language does is support the argument that it's referring to the checking the bag at the counter, not a guarantee. When it talks about you have to check the bag four hours before, it's talking about presenting it at the counter. There's no representation made as to when it will show up. Well, then why would you say I have the language which the passenger is traveling? Because then you're saying you're putting the bag on the plane the passenger is traveling on. Isn't this informed by paragraph 25B? Carrier will endeavor to carry passengers and their baggage with reasonable dispatch? Yeah, but if you look at that, what they say is this is not part of the effort to return mishandled bags within 24 hours. So if we're delivering baggage on time, if they're sort of guaranteeing it's going to be on the same flight, they almost can't help but deliver the baggage on time. Your bag is going to arrive with you, if that's the promise. No, but this is not a promise. 38 is not a promise. If you look at the beginning, it says passenger service plan. Carrier sets forth the passenger service plan below. Policies and procedures set forth in the hyperlinked documents do not expressly form a term to this carriage contract. And then it goes on and says in section 3, subject to the terms of this contract of carriage, subject to number 11, we're going to try to endeavor to do all this stuff. That's aspirational language, Your Honor. That's not a binding contract. That's what we hope to do. And it's interesting because what JetBlue says So you read A3 as not part of the contract? It's aspirational language. Well, it may be aspirational. That means that you don't have that. It's but it's not contractual in nature. It doesn't mean it's not part of the contract, but it's not. It doesn't like it's like using a best efforts or, you know, we're going to we'll do everything we can. Right. But aspirational language can't change the terms of the of the agreement itself, the binding terms of the agreement. But A3, you just read us the section on hyperlinked documents. A3 is not one of those hyperlinked documents, right? No. But then it says subject to the terms of the contract of carriage. So subject to number 11, we're going to try to do all this, all these things. These are their aspirations. This is what they're hoping to do. And in fact, I'm OK. Now, I'm really I'm confused. I'm very confused about your argument. So if I look at 38A, we have the plan below the height and then they have they have other documents they're referring to. Hyperlinked documents are directional and do not expressly form a term of this contract of carriage. Right. That's the hyperlinked documents. Right. A3 is not one of those hyperlinked documents. I agree with you. That's correct. OK. So it so is it is is is paragraph 38, the passenger service plan part of the carriage of contract or not? It is an aspirational portion of the contract. I asked a direct, very direct. Yes. Is it part of the contract of carriage? It's in the contract of carriage. Is it a term? No, it's not a term. So I'm going to read through their underlying brief. What they argued to the court is the following. And I'm reading from the extra record to 19 Jet Blue's opposition of the motion or Jet Blue's motion to dismiss line 14. Moreover, what does actually exist in the C.O.C. is not the basis for a The C.O.C. merely states in plain precatory language Jet Blue's goals for this process. Jet Blue, and they cite the same section you're citing, will endeavor to deliver the bag on time, including making every reasonable effort to return mishandled bags within 24 hours. That's not an argument that paragraph 38 is not part of the contract. But that's an argument that what Jet Blue is doing is telling you these are our best efforts and this is aspirational and therefore you can't sue us if we don't do this. We're trying to do, we're doing our best here. I agree with you. And then they go on and they say these are not enforceable contractual agreements. I agree with them. 38 is not an enforceable contractual agreement. It's an aspiration. 11 is an enforceable contractual agreement. But I think you have to read my, my question is why don't we have to read 11 in light of 38? I think you read them both. But which one is a contractual obligation? 11. 38 is not. You can't change the contractual obligation with precatory language that we hope or we aspire to do something. But can't you at least change how you understand, even if we accepted your argument, couldn't, wouldn't that still go to how you understand what the definition of checked means? Right. And could they define what that means? They absolutely could, but they didn't. And I would argue, or it seems, I mean, why haven't they? Why don't you read that aspirational language at a minimum to put some contours around what checked means? Meaning we're going to put it on your flight. We're going to try and put it on your flight. We're going to check it to put it on your flight. If it doesn't make it, here's what we're going to try and do. Well, and I agree with that. But the issue is the agreement, the promise to check it on the flight. They will check it out or they will check the bag for that flight. That's the promise. The aspirational language... I mean, your argument would be stronger if it said, we will place it on the flight, wouldn't it? I agree. But I think the reasonable consumer would say, that's what I expected when they said they're going to check it on the flight. And doesn't that create an issue of what does this contract really mean? Doesn't that show that the contract is vague? They haven't defined the terms. They could have. Did your client change flights here? There was some part of the record to show that he switched planes? There was a canceled flight by the carrier, and they put him on a different flight to get them back to California. Okay. So it was an impossibility on the one that he was supposed to be on for the carrier to put the bag on. Correct. The original flight to Sacramento, the bag wasn't on that flight. They flew him to San Francisco and he drove back to Sacramento. The bag did not go on the flight that he was checked in on, which was the San Francisco flight. So how does that fit into the case? I think it shows our point, which is, if they're agreeing to check it on the bag that the passenger travels on, which they say the passenger is going to travel, then they have to put it on that second flight. And if they don't, at the very least, we are entitled to get the money that we paid for that contract back. Did he get some compensation? They offered him a coupon to buy another ticket on JetBlue. And how much was it for? I believe it was a few hundred dollars. Did he take it? He took the coupon. I don't think it was ever used because he didn't have the opportunity to use it. So under your theory, JetBlue could save all the money on the extra coupons and just refund the $25 because that's how they're supposed to do it. Absolutely. I think they're required to refund the $25 because the deal is you pay the money and paragraph 11 says you put it on the plane the passenger is going to travel or check it. And I agree. There's vagueness. There's ambiguity. What does check mean? Does it mean it's going to be on the plane or not? I think the average consumer is going to say, yeah, I expected the bag to be checked on my plane and travel with it. I would tend to disagree with you. I think those who fly a lot, some of us carry our bags on because we don't have any expectation that the bags are going to arrive regardless of carrying them on. I am with you on that 100% and I travel a lot and I try to carry every bag on I possibly can. But again, that creates the ambiguity here. If there's ambiguity in the contract, you can't dismiss it on a motion to dismiss. It's got to go forward so that there's a factual findings on what was understood by my client and what was intended by their client. I see I'm running very late, but if anyone has any more questions, I'd like to reserve a couple of minutes for the end. That's fine. Why don't you reserve the time? Thank you, Mr. Ungarl. Mr. Burns. Good morning, Your Honors. Robert Burns for the Apple JetBlue Airways Corporation. May it please the Court. In light of my colleague's argument, there are a number of places I can start here, so I figure I'll just start with the notion of harmonization. There is an inconsistency here between plaintiff's construction of the first sentence of Section 11, which means that bags and passengers will always fly together on the same aircraft, and everything else in the contract of carriage that deals with bag delays and bag losses and bag mishandling, all of which speak to the proposition that JetBlue will try its best, will endeavor to get your bag to the destination on time. There may be delays. There are no guarantees. Schedules may change. And if your bag is delayed, here's a set of rights for you. If your bag is lost, here's a set of rights for you. If your bag is mishandled or damaged, here's a set of rights for you. But there's an inconsistency between plaintiff's construction, and obviously the district court and this Court's obligation is to harmonize the provisions of the contract to the extent possible. Now, we don't think that there's an inherent inconsistency between Section 11 of the contract and Sections 35A3, Sections 25A. These provisions can easily be harmonized. As we say in our brief and as was alluded to in the questioning from earlier this morning, we think the better reading of Section 11, reading the three sentences and the initial paragraph of that section together, is not imposing an obligation on JetBlue, but rather imposing a restriction on passengers as to what they can do with their bags. Well, it does seem to impose an obligation on JetBlue to check the bag on the same flight. The question in my mind is, what is checking the bag? And could you buttress up with anything else in the contract that would suggest that checking the bag is really just presenting it at the counter and putting the ticket on it to put it on the same flight? Well, there's no definition in the contract for what checking means, so we'll have to resort to just the common explanation of what checking is. Well, what is JetBlue's understanding of checking? Does it mean guaranteeing that it will show up on the baggage claim at the arrival of the passenger? Right, absolutely not, Your Honor. So to the extent that section, the first sentence of Section 11- How does JetBlue operate? Do they treat checking, any internal documents, anything in how JetBlue operates that suggests that checking, as they use the term, only means presenting it at the check-in counter? I can't speak to the existence of internal documents at this point on the motion to dismiss stage. I think reading the section and just in light of the common understanding of what checking means, there's a moment at which a bag is checked, and that's the moment at which the passenger arrives at the skycap scan, stand in front of the terminal or at the check-in gate and says, I'm scheduled to fly on Flight 2 to JFK. Please check my bag on Flight 2 to JFK. So to the extent there's an obligation imposed by the first sentence of Section 11, that's the magic moment, right? So either JetBlue checks the bag on Flight 2 to JFK and away the bag goes, or JetBlue checks the bag on Flight 22 to Timbuktu, in which case there may or may not be a breach of that obligation. So theoretically there could be a breach, but they don't allege that's what happened here. Exactly. To the extent there's an obligation imposed by that first sentence, JetBlue complied with that obligation here because plaintiff was scheduled to fly on flight whatever it was to Sacramento, presented the bag, JetBlue checked that bag on flight whatever it was to Sacramento. But theoretically JetBlue could violate that by you could have somebody put the wrong tag on it, so that would be theoretically a violation of checking the bag on the same flight. Theoretically, Your Honor. So again, to be clear, our position is that that sentence doesn't impose any obligation on JetBlue. But to the extent it does, you're correct. I mean, to the extent there is an obligation that's embodied in that one sentence, yes. If the bag gets checked on Flight 22 to Timbuktu instead of Flight 2 to JFK, if there's an obligation, maybe there's a breach of that obligation. But as Your Honor noted, that's not what happened here. In that magical moment when Section 11 is operative, the act of checking, JetBlue did everything that Section 11 required of it. And to bring it back to the notion of harmonization, Your Honor, that's the moment. To the extent Section 11 says anything about what JetBlue must do, the moment is that act of checking. As soon as the bag disappears and as soon as the passenger enters the terminal and leaves the check-in desk, that's when the other provisions of the contract of carriage start to step in. And those are the provisions, Section 35A.3, Section 25B, and a number of other sections that say, after that magical moment, flying planes is hard and stuff may happen. And we talk about in our brief any number of reasonably foreseeable things that might happen to separate passenger from bag. I'm heading to the airport after this. I'm scheduled to fly out at 3. I'm going to try to get myself on to an earlier flight back to JFK. So if I had checked a bag, that bag might not follow me. I might move myself to another flight, or the bag may simply be mishandled and the bag. Did the plaintiff here, did he move himself to another flight? And maybe we can't decide that on a motion to dismiss because I guess he's alleged that the flight was canceled. But is that accurate? It's not accurate, Your Honor. He's alleged the cancellation. That's not what happened. He was scheduled to fly to Sacramento. But we can't consider that on a motion to dismiss. Understood. Well, I'm asking. No, no, I mean, I think that's. I mean, there's nothing in the complaint that would allow us to. That's right. I mean, the allegation is that the flight was canceled. That's not what actually happened. What actually happened is similar to what we're talking about. He checked his bag to Sacramento. Oops, there are delays on the Sacramento itinerary. What if he doesn't know where it was sent, and he alleges in some good faith, and I don't know that such an allegation exists in the complaint. But what if he were to have alleged that? Is there anything in the complaint that could be construed to allege that JetBlue checked it to the wrong location? Not as I read it, Your Honor. He was scheduled to fly on flight. Again, I don't have the flight number in my head. Whatever the flight number was to Sacramento, and that's precisely where the bag was checked to, and, in fact, that's precisely where the bag went to. Certainly he doesn't allege that it was checked to not on the original flight. That's correct. The allegation is that it was checked in accord with his original itinerary, which changed for a reason which is in dispute. I thought that was interesting when I saw that in the brief, and I think your exchange with Judge Nelson emphasizes that we probably can't consider it. But I am just curious, for my purposes, if this were to get beyond the motion to dismiss, does that fact play any role in this? Does it play a role? This is a class action. Does it play a role in whether he's an appropriate class representative? Is that the next argument if we were to get past the motion to dismiss? I mean, it plays a huge role, Your Honor, in that the case as initially styled was a copycat of the Hickox-Huffman decision out of this court from several years ago involving U.S. Air. And that case involved what the court deemed was a strict contractual obligation to deliver bags on time. U.S. Airways' language in their contract of carriage was different from JetBlue's, and they actually expressly committed to on-time bag delivery. So that's how the case was initially postured. It wasn't until the amended complaint that this notion of, oh, there's another provision, it's the first section of Section 11, that's really what our case is about. But because Section 11, it's not an obligation. I don't think anyone contends it's an obligation for strict on-time bag delivery, although one of the ancillary effects of plaintiff's construction is that it effectively means it's a strict obligation for on-time bag delivery. But if the case is all about the first section of Section 11 and where the bag gets checked to, then absolutely. There was compliance with that obligation here. And, frankly, I don't want to make up numbers or make up statistics, but I think it's fair to say that in most cases in which bags get delayed or bags get lost or bags get mishandled, JetBlue is going to have complied with the obligation to check the bag. I mean, the notion of JetBlue checking the bag on Flight 22 to Timbuktu instead of Flight 2 to JFK is probably not what happens in the vast majority of times. Meaning that such a class might not satisfy the numerosity requirement. Perhaps, yeah. I mean, it's really where the rubber meets the road here, as everyone in the room knows, is what happens after the bag disappears, and that's... So the bag was checked for the line that he was originally supposed to go on. Yes, and I think, Your Honor, I think that's consistent with the allegations in the complaint as well. Okay, but then he switched, but the bag didn't switch. Again, I mean, the actual factual scenario, what happened here was the Sacramento flight was heavily delayed. He was given the opportunity, hey, there's a flight to San Francisco that's leaving. That's not delayed. You want to go to San Francisco? He said yes. But, again, that's neither here nor there for purposes. Plaintiff's allegation is that the flight was canceled, so the flight was canceled. Unless Your Honors have any further questions, I'll cede the rest of my time. I don't think so. Thank you, Mr. Burns. Thank you very much. Mr. Ungaro, you've got time remaining. Yes. I think I've heard counsel now say that Section 11, carrier will check the baggage of a fare-paying passenger for the flight on which the passenger is traveling, creates an obligation. I think it does. I don't think there's any way it doesn't create an obligation. Then they restrict, in the second two paragraphs, what can be done. When it says carrier will not check baggage to a destination other than the final destination on the passenger's reservation down below, again, check baggage. The magic moment is not, well, even if it was, when you checked it, it says checked on which the passenger is traveling. So if you didn't check it on the plane the passenger is traveling. No, I'm interested. When is the magic moment? Is it at the counter? Or when is your position, when's the magic moment? I think the magic moment is, is it on the plane or not? When the baggage handler puts it on the plane. Because otherwise the language flight on which the passenger is traveling would be superfluous. You could just end it. We'll check it on your flight. Or we'll check your bag for you. But when they go on and say on the flight on which the passenger is traveling, that's their obligation. They created the obligation. We didn't. They did. It's their contract. It's their adhesion contract. They get to choose the language. Nothing required them to make this obligation. But once they make the obligation, they have to fulfill it. And if they don't, then it's a simple breach of contract. And the consumer is entitled to get restitution of the money it paid for the service it didn't get. The irony is he got actually arguably more restitution than what he paid. Well, he'd have to spend more money with JetBlue to get that. And the complaint, we've gone through some of the facts. The complaint is silent. The complaint simply says he was originally scheduled to go to Sacramento, and then he was diverted to San Francisco. San Francisco was the flight the passenger is traveling under paragraph 11, not to Sacramento. And oddly they say, oh, it went to Sacramento. Well, he went to the Sacramento airport, and this isn't in the complaint. But his bag wasn't there, and it showed up three days later. They called him and said, oh, we found your bag. So we don't know where it went. It certainly didn't go on the plane that he was traveling on, which is the obligation of paragraph 11. And, again, the prefatory language of those other sections talk about what their aspirations are. But that language can't change the terms of the contract. It's if I said to you, hey, I'll come mow your lawn on Saturday. You say, great, I'll pay you $10. And we enter an agreement. I'm going to mow your lawn on Saturday for $10. And I say, hey, I'll be there around 11 when I finish my paper route. You say, great. And I show up at 11.30, mow your lawn. You say, wait a second, you didn't show up at 11. I said I was going to try to show up at 11. That doesn't alter the deal, the original deal, which is you and I agreed I was going to mow your lawn on Saturday. The prefatory language, the aspirations can't change the underlying agreement. So if they said, look, the Sacramento flight is delayed by two hours, for any of you passengers who live someplace halfway between Sacramento and San Francisco, we do have a San Francisco flight that has availability. We're willing to put you on that flight. And he goes over there and says, yeah, I want to go, and I have a checked bag. Is JetBlue obligated itself now to pull the bag from the Sacramento flight and put it on the San Francisco flight? Under this language, yes, they are. Because it says, on the flight, the flight on which the passenger is traveling. Yeah, but it also says check. Check the baggage. Right. It didn't say put. They will check it. Right. And so if they checked it through Sacramento, then they didn't check it. But it was checked for the bag, for the plane on which he was traveling. Well, we don't know that. Yes, because he was going to Sacramento when he checked in at the counter. Right. Okay. Well, those facts are not. At the time that they checked the bag, he was going to Sacramento. Those facts are not in the complaint. But, yes, you're right. I thought that was obvious. I thought that's what you told us. I thought you told us that they later diverted him to San Francisco. Yes, they did. But those facts, I'm just saying, are not in the complaint. That's all I'm saying. And, again, check the baggage on the flight on which the passenger is traveling has to have meaning. You can't gut it with aspirations later. And when he says, yes, I'll change the flight, I'll take the flight to San Francisco, then they're obligated to check the bag on the flight on which he's traveling, the flight to San Francisco, not to leave his bag on some other flight. And we don't know whether he's even on the San Francisco flight at this point. That discovery has not been done. But, again, this creates an obligation. This language undoubtedly creates an obligation. And once that obligation is set, they have to follow through with it. And if they don't, then we have a viable claim. Now, we may, in discovery, fight over a whole bunch of stuff. But at this stage, we get to plead this, and we get to plead this is the contract between the parties because it is, and that there's a breach of that contract, and we get to pursue it. It would be unfair to dismiss the case at this point based on this obligation, which now JetBlue says, in fact, was an obligation. Does the airline get any credit for the amount of damages it gave to him or whatever? Was it $200? It was never used. So our position would be it wouldn't get any credit. But it was given to him. Right. But he'd have to spend more money with JetBlue to be able to use that voucher. So it's a credit. But courts have held that, at least in class action settings, it's not appropriate for, as part of a settlement of a claim, to force the consumer again to use that same company. And that's exactly what they did. He never had the opportunity to use it. He's not a frequent traveler. Thank you, Mr. Hunter. Thank you. We thank both counsel for the argument. A lottery tab versus JetBlue Airways is submitted. Final case on the oral argument calendar is VVV and Sons Edible Oils versus Minakshi.
judges: Siler, Bybee, R. Nelson